

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JODY SHEA, Inmate # 992204457, Plaintiff, | :: :: :: :: | CIVIL ACTION NO. 1:05-CV-2574-TWT |
| v. | :: :: | |
| COUNTRY INN & SUITES, OFFICER RICK HERNDON, # 831, Gwinnett Police, Defendants. | :: :: :: :: | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, an inmate at the Gwinnett County Detention Center in Lawrenceville, Georgia, has filed the instant pro se civil rights action. [Docs. 1, 3.] Plaintiff has been granted in forma pauperis status in this 42 U.S.C. § 1983 action, and the matter is now before the Court for a 28 U.S.C. § 1915A screening.

## 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is

AO 72A
(Rev.8/82)

frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

In the instant civil rights action, Plaintiff sues Country Inn and Suites (the Inn) and Officer Rick Herndon of the Gwinnett County Police Department. [Doc. 3 ¶ III.] Plaintiff alleges that on August 27, 2004, at 8:10 a.m., while he was a guest at the Inn, he "awoke to a gun aimed at [his] face" by Officer Herndon. [Id. ¶ IV; Doc. 1 at 1.] Plaintiff claims that he and his girlfriend were "pulled physically from the bed," naked, at which time Plaintiff was handcuffed and his girlfriend was taken into the bathroom, "still naked, and having a vicious panic attack now." The couple was then taken to the Gwinnett County Detention Center. [Doc. 3 ¶ IV.] Plaintiff claims that the police obtained a pass key from the front desk, disengaged the night security latch on his hotel room door, and then entered his hotel room unannounced, without a search warrant, "causing fright, fear and psychological mental health problems ever since." Plaintiff states that he has been unable to identify the front desk clerk who

allegedly gave his room key to the police. [Id.] Plaintiff seeks a declaration that his Fourth Amendment rights were violated and damages of five million dollars. [Id. ¶ V.]

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation), cert. denied, 540 U.S. 1219 (2004).

"The Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects." Illinois v. Rodriguez, 497 U.S. 177, 181 (1990). Moreover, "it is well-settled that a person does not forfeit Fourth Amendment protection merely because he is residing in a hotel room. Use of a motel room for lodging provides the same expectation of privacy as does a home." United States v. Ramos, 12 F.3d 1019, 1023 (11th Cir.

3

AO 72A
(Rev.8/82)

1994) (citations omitted). Thus, Officer Herndon's "mere entry" into Plaintiff's hotel room, under the circumstances alleged in the complaint, may have been "enough to violate the Fourth Amendment." See O'Rourke v. Hayes, 378 F.3d 1201, 1207 (11th Cir. 2004); but see Michigan v. Tyler, 436 U.S. 499, 509 (1978) (stating that "a warrantless entry by criminal law enforcement officers may be legal where there is compelling need for official action and no time to secure a warrant," and noting, as an example of such a circumstance, the "warrantless and unannounced entry of [a] dwelling by police to prevent imminent destruction of evidence").

Plaintiff's allegations, however, do not state a § 1983 claim against the Inn. "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes. The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). "The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotations omitted). Furthermore, the Supreme Court has held that "[a] defendant cannot be held liable

4

under section 1983 on a <u>respondeat superior</u> or vicarious liability basis," and "every circuit court to consider the issue has extended the holding to private corporations as well." <u>Harvey</u>, 949 F.2d at 1129-30 (citing <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658 (1978), and concluding that a private hospital "cannot be faulted for the conduct of its employees"). There is no suggestion in Plaintiff's complaint that the desk clerk gave Plaintiff's room key to the police at the direction of the Inn's management or under the guidance of a policy or practice of the Inn. Accordingly, Plaintiff may not proceed against the Inn, even if he could establish that the desk clerk was a "state actor" for § 1983 purposes. If Plaintiff identifies the desk clerk in question, however, he may be able to add that individual as a defendant in this action.

This Court finds that Plaintiff has sufficiently alleged a cause of action–for a violation of his Fourth Amendment rights–against Officer Herndon that passes muster under 28 U.S.C. § 1915A. It does not appear beyond doubt that Plaintiff could prove no set of facts that would entitle him to relief. Accordingly, in light of the allegations presented, and in deference to Plaintiff's <u>pro se</u> status, **IT IS ORDERED** that his claim be allowed to **PROCEED** as in any other civil action

**FURTHER ORDERED** that Country Inn and Suites be **DISMISSED** as a defendant in this action.

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form and summons for the remaining Defendant named in the complaint, along with an initial disclosures form. Plaintiff is **DIRECTED** to complete a USM 285 form and summons for the Defendant (Officer Herndon), complete the initial disclosures form, and return all of the forms to the Clerk of Court within twenty (20) days of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk is **DIRECTED** to prepare a service waiver package for the Defendant. The service waiver package must include two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by the Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form and summons.

AO 72A
(Rev.8/82)

Upon completion of a service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail a service waiver package to the Defendant. The Defendant has a duty to avoid unnecessary costs of serving the summons. If the Defendant fails to comply with the request for waiver of service, the Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event the Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for the Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve the Defendant. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon the Defendant or the Defendant's counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall

include a certificate stating the date on which an accurate copy of that paper was mailed to the Defendant or the Defendant's counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and the Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED** this 27 day of February, 2006.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)